

1  Richard A. Rodgers, Esq., SBN 210196
   SHANE, DIGIUSEPPE & RODGERS, LLP
2  3125 Old Conejo Road
   Thousand Oaks, CA 91320
3  Telephone: (805) 230-2525
   Facsimile: (805) 230-2530
4  Email: rar@lawsdr.com

5  Attorneys for Plaintiff,
   JMG INVESTMENTS, INC.

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMG INVESTMENTS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABEL CASILLAS GUZMAN, solely as Administrator of U.S. Small Business Administration, and DOES 1 through 20 inclusive,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL |

       Plaintiff, JMG INVESTMENTS, INC., by counsel, complains of the Defendants, THE

UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABEL CASILLAS GUZMAN,

solely as Administrator of the U.S. Small Business Administration (collectively "SBA"), Los

Angeles District, as follows:

## I. PREFATORY STATEMENT

       1. This is a mandamus action to compel the SBA and those acting under them to take

all appropriate action to comply with SBA Standard Operating Policies for SBA Loan

Servicing and Liquidation and relevant Code Federal Regulations.

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

2. In May 2020, Plaintiff obtained a Payroll Protection Plan loan ("PPP") guaranteed by the SBA as a SBA 7(a) loan[1], and used for legitimate purposes as mandated by the SBA.

3. Without notice to Plaintiff, before any payment was due, the SBA obtained assignment of the PPP loan back from the originating lender and referred the loan to the U.S. Department of Treasury for collection by litigation through the U.S. Department of Justice ("DOJ").

4. SBA procedures require that prior to referring a loan to the Treasury Department for collection, SBA must send a letter to the borrower giving the borrower 60 calendar days to either pay the loan in full or negotiate an acceptable payment plan.

5. The SBA did not give any notice or letter to Plaintiff and Plaintiff was not aware of any change of loan servicing until contacted by the DOJ.

## II. JURISDICTION

6. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."), and 28 U.S. Code § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.")

7. Jurisdiction is further conferred by 28 U.S.C. § 1651 (a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."), and by 8 U.S.C. § 1329 (jurisdiction of the district courts).

8. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 701, et seq. - the Administrative Procedure Act ("APA"). The APA requires SBA to carry out its duties within a reasonable time.

9. 5 U.S.C. § 555(b) - provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency

---

[1] The 7(a) Loan Program, SBA's primary business loan program, provides loan guaranties to lenders that allow them to provide financial help for small businesses with special requirements.

-2-

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

1  *shall* proceed to conclude a matter presented to it." (Emphasis added). [*See Trudeau v. FTC*,

2  456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the

3  APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory

4  and injunctive relief.]

5    10. 5 U.S. Code § 702 - provides that "A person suffering legal wrong because of

6  agency action, or adversely affected or aggrieved by agency action within the meaning of a

7  relevant statute, is entitled to judicial review thereof."

8    11. 5 U.S. Code § 704 - provides that "Agency action made reviewable by statute and

9  final agency action for which there is no other adequate remedy in a court are subject to

10  judicial review."

11    12. 5 U.S. Code § 706 - provides that "the reviewing court shall decide all relevant

12  questions of law, interpret constitutional and statutory provisions, and determine the meaning

13  or applicability of the terms of an agency action. The reviewing court shall (1)compel agency

14  action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside

15  agency action, findings, and conclusions found to be (A) arbitrary, capricious, an abuse of

16  discretion, or otherwise not in accordance with law; (B) contrary to constitutional right,

17  power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or

18  limitations, or short of statutory right; (D) without observance of procedure required by law"

19                               **III. VENUE**

20    13. Venue is proper under 28 U.S.C. § 1391(e), because this is an action against

21  officers and agencies of the United States in their official capacities, brought in the district

22  where a substantial part of the events or omissions giving rise to the Plaintiff"s claim

23  occurred.

24            **IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

25    14. No exhaustion requirements apply to Plaintiff's complaint. The SBA owes a non-

26  discretionary duty to send Plaintiff a letter (automated due diligence notice) giving 60

27  calendar days to either pay the Loan in full or negotiate an acceptable payment plan, *before*

28  referring the loan to the Treasury Department for collections. [See Exhibit 1: SOP_50_57_2,

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

1  Ch. 26 D 3, eff. 12/1/2015; and see Exhibit 2: SOP_50_57_3, Ch. 27 D 3, eff. 8/1/2023]

2  The Plaintiff has no other adequate remedy available for the harm it seeks to redress

3  – the failure of SBA to give required notice and opportunity to cure.

**V. CLAIMS**

5  15.  The Plaintiff, JMG INVESTMENTS, INC., is a California corporation in good

6  standing, based in the County of Los Angeles, State of California. Plaintiff owns and

7  operates three separate corporations, each duly licensed to provide alcohol detox and

8  rehabilitation treatment.

9  16. During the COVID-19 pandemic, Plaintiff's employees were deemed by the State

10  of California to be "Essential Critical Infrastructure Workers"- health care providers and care

11  givers.[2]

12  17. At the start of the pandemic, Plaintiff experienced a large reduction in the number

13  of new patients and as a result, Plaintiff's revenue was drastically reduced. At the same time,

14  since Plaintiff and its employees were State mandated as Essential Workforce, Plaintiff was

15  required to retain its employees and stay open regardless of negative cash-flow caused by the

16  pandemic.

17  18. On March 27, 2020, The Coronavirus Aid, Relief, and Economic Security

18  (CARES) Act (2020) was signed into law. The CARES Act provided fast and direct

19  economic assistance for American small businesses, including Plaintiff.

20  19. The CARES Act established the Paycheck Protection Program ("PPP")

21  implemented by the Small Business Administration with support from the Department of the

22  Treasury.

23  20. The PPP program provided small businesses with funds to pay up to 8 weeks of

24  payroll costs including benefits. Funds can also be used to pay rent, and utilities.

25  21. In May 2020, Plaintiff obtained a PPP loan of approximately $501,000 from

27  [2]On March 19, 2020, Governor Newsom issued Executive Order N-33-20 directing all residents immediately to heed current State public health directives to stay home, except as needed to maintain continuity of operations of

28  essential critical infrastructure sectors and additional sectors as the State Public Health Officer may designate as critical to protect health and well-being of all Californians.

-4-

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

Fountainhead Capital, insured by the SBA. It was later discovered that the Fountainhead loan was funded in error since Plaintiff had already received another PPP Loan from Bank of America a few weeks earlier. Upon inquiry with Fountainhead, Plaintiff was assured that the second PPP Loan would be converted to a regular loan for repayment.

22. Plaintiff did not receive any further communication regarding the second PPP Loan from Fountainhead or the SBA.

23. Plaintiff used the entire amount of the second PPP Loan from Fountainhead for the legitimate purposes of payroll and rent as required by the SBA.

24. The Defendants, THE UNITED STATES SMALL BUSINESS ADMINISTRATION and ISABEL CASILLAS GUZMAN, solely as Administrator of the U.S. Small Business Administration (collectively "SBA"), are charged by law with the statutory and regulatory obligation to notify Plaintiff of a change in servicing of the PPP Loan [13 CFR 120.535 (d)][3] and to send a letter to Plaintiff giving an opportunity to either pay the loan in full or negotiate an acceptable payment plan within 60 days *before* referring the loan to the Treasury Department for further collection efforts. [See Exhibits 1 and 2]

25. SBA did not send Plaintiff any letter or notice concerning a change in servicing of the PPP Loan or a notice of opportunity to either pay the PPP Loan in full or negotiate an acceptable payment plan.

26. Without any prior notice to Plaintiff, SBA referred the PPP Loan to the Treasury Department who referred collections to DOJ by means of litigation.

27. The DOJ is imminently ready to file a complaint against Plaintiff, seeking millions of dollars in damages and penalties. Settlement discussions, including good faith offers to DOJ to repay the second PPP Loan with interest, have been unsuccessful.

---

[3] 13 CFR 120.535 (d)- SBA rights to take over servicing or liquidation. SBA may, in its sole discretion, undertake the servicing, liquidation and/or litigation of any 7(a) or 504 loan. If SBA elects to service, liquidate and/or litigate a loan, it will notify the relevant Lender or CDC in writing, and, upon receiving such notice, the Lender or CDC must assign the Loan Instruments to SBA and provide any needed assistance to allow SBA to service, liquidate and/or litigate the loan. SBA will notify the Borrower of the change in servicing. SBA may use contractors to perform these actions.

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

## VI. STANDING

28. As a proximate result of SBA's failure to give Plaintiff any notice before referring the PPP Loan to Treasury for collections, Plaintiff has suffered an injury of a legally protected interest - the right to 60-day notice to pay the Loan in full or negotiate an acceptable payment plan.

29. Had SBA given Plaintiff proper notice, Plaintiff would have paid the PPP Loan in full or negotiated an acceptable payment plan.

30. A favorable decision by the court will redress the injury Plaintiff has suffered and there is no authorized statutory method of review, and no adequate legal remedy aside from mandamus and injunctive relief.

## VII. RELIEF REQUESTED

31. Plaintiff seeks a declaratory judgment and orders of mandamus injunction, ordering SBA to recall its referral of the PPP Loan to Treasury, and give Plaintiff a written 60-day notice to pay the Loan in full or negotiate an acceptable payment plan.

32. A mandamus plaintiff must demonstrate: (i) a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. [*Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009)] The Plaintiff here clearly meets all three of these criteria.

33. Plaintiff also seeks an award of costs and attorney fees as may be allowed.

## VIII. PRAYER

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to recall the PPP Loan referral from Treasury, and give Plaintiff a written 60-day notice to pay the PPP Loan in full or negotiate an acceptable payment plan.

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act (28 U.S. Code § 2412);

3. Grant such other and further relief as this Court deems proper.

COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF

1

2     Dated: February 29, 2024          **SHANE & DIGIUSEPPE & RODGERS LLP**

3

      Richard A. Rodgers, attorneys for
4     JMG INVESTMENTS, INC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-
COMPLAINT FOR DECLARATORY JUDGMENT, WRIT OF MANDAMUS AND INJUNCTIVE RELIEF